Honorable Janet Reno State Attorney Eleventh Judicial Circuit
QUESTION: Is a state attorney responsible for processing complaints of violations of Florida's Public Records Law, Ch. 119, F.S., made pursuant to s. 119.10(1), F.S., making such violations a noncriminal infraction punishable by a fine not exceeding five hundred dollars?
SUMMARY: A state attorney may prosecute suits charging public officials with violation of Florida's Public Records Law, pursuant to his or her statutory authority to appear on behalf of the state in all suits in which the State of Florida is a party.
Section 119.10(1), F.S., states: "Any public officer who violates any provision of this chapter is guilty of a non-criminal infraction, punishable by fine not exceeding $500."[1]
Analogously, s. 286.011(3)(a), F.S., provides that any public officer who violates any provision of the Government in the Sunshine Law is guilty of a noncriminal infraction, punishable by a fine not exceeding $500. Any comments regarding the prosecution of a violation of Ch. 119, F.S., therefore, would also apply to s.286.011, F.S., violations.
It is my understanding that in the period since s. 119.10(1), F.S.,[2] was enacted, state attorneys have been bringing actions for violations of Ch. 119, F.S., Florida's Public Records Law.[3] A review of the staff analysis and committee meetings tapes comprising the legislative history of this statute, however, provides no direction as to who was intended to be responsible for pursuing such actions when a noncriminal infraction alone is alleged.
You indicate that other "noncriminal infractions" enter the system by issuance of a citation by a law enforcement officer.[4]
For prosecutions of violations of the Public Records Law, I assume that a complaint is filed with your office to initiate action. It then would be within your discretion to determine whether charges should be brought.[5] Inherent in such a decision would be whether the public official or agency "willfully and knowingly" violated the provisions of Ch. 119, F.S., which would make the violation a misdemeanor of the first degree, or whether there was a mere violation of any provision of the chapter, a noncriminal infraction, in the absence of intent.
The duties of state attorneys before the courts are stated as follows:
 The state attorney shall appear in the circuit and county courts within his judicial circuit and prosecute or defend on behalf of the state all suits, applications, or motions, civil or criminal, in which the state is a party . . . .(e.s.)[6]
Thus, the official duties of a state attorney are not limited to the prosecution of criminal cases and could include representation of the state in a suit against a public official for violation of the Public Records Law or the Government in the Sunshine Law.[7]
For instance, in State v. Chiaro,[8] the attorney for the City of Hollywood, Florida, was charged by information with violating s. 286.011, F.S., a noncriminal infraction, when she advised a group, including the attorney, the mayor, city manager, city employees and volunteers, that it was not subject to the Government in the Sunshine Law and could meet in private to discuss the purchase of property by the city. The county court found that the city attorney violated s. 286.011, F.S., and, therefore, was guilty of a noncriminal infraction.[9]
Accordingly, it appears that the state attorney may pursue actions on behalf of the state against public officials for violations of Ch. 119, F.S., the Public Records Law, and s. 286.011, F.S., the Government in the Sunshine Law, which may result in a finding of guilt for a noncriminal infraction.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 119.10(2), F.S., provides that any person "willfully and knowingly" violating any provision of Ch. 119, F.S., is guilty of a misdemeanor of the first degree.
[2] As amended by s. 5, Ch. 85-301, Laws of Florida, effective June 20, 1985.
[3] See, The Brechner Report, Vol. 15, No. 1 (February 1991), and Vol. 14, No. 1 (February 1990).
[4] Cf., Ch. 318, F.S.
[5] See, State v. Cain, 381 So.2d 1361, 1367-1368
(Fla. 1980) (discretion of a prosecutor in deciding whether and how to prosecute is absolute in the criminal justice system).
[6] Section 27.02, F.S. (1990 Supp.) See also, s.905.16, F.S., authorizing grand juries to investigate noncriminal matters, indicated as follows:
The grand jury shall inquire into every offense triable within the county for which any person has been held to answer, if an indictment has not been found or an information or affidavit filed for the offense, and all other indictable offenses triable within the county that are presented to it by the state attorney or his designated assistant or otherwise come to its knowledge.
[7] Cf., State, By and Through the State Attorney for the Twelfth Judicial Circuit v. General Development Corporation,448 So.2d 1074 (2 D.C.A. Fla., 1984) (absent general law specifically conferring upon state attorney the authority to independently initiate a civil action for damages and civil penalties for alleged violations of Ch. 403, F.S., state attorney lacks standing to bring such a civil suit; Legislature clearly intended that Department of Environmental Regulation be state entity responsible for bringing civil actions under Ch. 403, F.S., while state attorney empowered to criminally prosecute Ch. 403, F.S., violations).
[8] Case No. 90-39277 TI40A (Co. Ct. Broward Co., July 18, 1990).
[9] The court stated further that the burden of proof in such an action requires only a preponderance of the evidence. This office has been advised that the Chiaro court ruled that the Florida Rules of Criminal Procedure would be used for the trial, in the absence of rules adopted by the Supreme Court of Florida specifically for prosecutions of noncriminal infractions of the Government in the Sunshine Law.